NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2692-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

FEDELE GODUTO a/k/a
FREDERICK DEMAIO, FREDRICK GODUTO,
FEDELE MODUTO and JOHN FOSTER.

 Defendant-Appellant.

__________________________________

 Submitted March 15, 2017 – Decided August 4, 2017

 Before Judges Fuentes and Gooden Brown.

 On appeal from the Superior Court of New
 Jersey, Law Division, Morris County,
 Indictment No. 09-02-0203.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Alison Stanton Perrone,
 Designated Counsel, on the brief).

 Fredric M. Knapp, Morris County Prosecutor,
 attorney for respondent (Erin S. Wisloff,
 Supervising Assistant Prosecutor, of
 counsel; Paula C. Jordano, Assistant
 Prosecutor, on the brief).

PER CURIAM
 Defendant appeals from the trial court's November 12, 2015

order denying his petition for post-conviction relief (PCR)

without granting an evidentiary hearing. We affirm.

 On November 30, 2009, defendant entered a negotiated guilty

plea to count one of Morris County Indictment No. 09-02-0203,

charging first-degree attempted murder, N.J.S.A. 2C:5-1(a) and

N.J.S.A. 2C:11-3(a)(1), and a related motor vehicle summons

charging driving while license suspended, N.J.S.A. 39:3-40. In

exchange, the State agreed to recommend the dismissal of the

remaining ten counts of the indictment as well as the dismissal

of Morris County Indictment No. 08-12-1404 in its entirety and

the dismissal of ten related motor vehicle summonses. The State

also agreed to recommend a twelve-year term of imprisonment,

subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2,

on the attempted murder charge, to run consecutive to a sentence

defendant was already serving, and the mandatory minimum fines

and period of driver's license suspension on the motor vehicle

summons.

 The charges stemmed from defendant's purposeful attempt to

strike a police officer with his vehicle in the course of

eluding police in a high-speed chase to avoid a motor vehicle

stop following a suspected drug transaction. Although the

officer jumped out of the way to avoid impact with defendant's

 2 A-2692-15T3
vehicle, he still sustained injuries as a result. During his

plea allocution, defendant acknowledged that hitting the officer

with his vehicle could have caused the officer's death and

defendant admitted being aware that his driver's license was

suspended at the time.

 On February 5, 2010, defendant was sentenced in accordance

with the terms of the plea agreement. In imposing sentence, the

sentencing court found the following aggravating factors: nature

and circumstances of offense, N.J.S.A. 2C:44-1(a)(1);1 gravity

and seriousness of harm inflicted on victim, N.J.S.A. 2C:44-

1(a)(2); risk of re-offending, N.J.S.A. 2C:44-1(a)(3); extent of

prior criminal record, N.J.S.A. 2C:44-1(a)(6); offense committed

against police officer, N.J.S.A. 2C:44-1(a)(8); and need for

deterrence, N.J.S.A. 2C:44-1(a)(9). The court also found as a

mitigating factor that imprisonment would entail hardship to

defendant, N.J.S.A. 2C:44-1(b)(11).

 Defendant filed an appeal challenging his sentence only.

On December 15, 2010, we heard the appeal on an excessive

1
 Although the judgment of conviction did not record aggravating
factor one, the sentencing court found that factor in his oral
pronouncement of defendant's sentence. See State v. Pohlabel,
40 N.J. Super. 416, 423 (App. Div. 1956) (holding that "where
there is a conflict between the oral sentence and the written
commitment," the oral sentence "will control if clearly stated
and adequately shown, since it is the true source of the
sentence[.]").

 3 A-2692-15T3
sentence oral argument (ESOA) calendar. See R. 2:9-11. During

oral argument, defendant was represented by a staff attorney

from the Office of the Public Defender. Appellate counsel

advised the ESOA panel that when the case was prosecuted in

Morris County, he was employed by the Morris County Prosecutor's

Office as the "[E]xecutive [A]ssistant" and exercised

supervisory authority over "plea approval for all cases[.]"

However, he represented to the panel that he had "no knowledge"

or "involvement in this case[,]" and was satisfied that there

was no conflict.

 Appellate counsel then argued that defendant's sentence was

excessive because the sentencing court did not properly consider

defendant's numerous medical ailments as a hardship and

improperly considered aggravating factors one and two. Further,

appellate counsel argued that the sentencing court did not

articulate a reason for imposing a consecutive sentence.

Following the State's concession on the impropriety of

considering aggravating factor two, the case was remanded by the

ESOA panel for resentencing "without consideration of

aggravating factor two[.]"

 While preparing for the resentence, the prosecuting

attorney notified us that appellate counsel should have been

disqualified from representing defendant because he approved

 4 A-2692-15T3
defendant's plea offer in his capacity as Executive Assistant

Prosecutor of the Morris County Prosecutor's Office.2 We advised

the parties that "[a]s an appellate court, we are not in a

position to make any determination concerning [appellate

counsel's role] or participation in the decisions leading up to

the original plea offer." Although we directed that "the

possible conflict of interest . . . be addressed before the

trial court at the . . . resentencing[,]" the issue was neither

raised nor addressed.

 At the resentencing hearing conducted on May 27, 2011,

defendant was represented by his original plea counsel and the

same sentence was imposed. Although the court did not find

aggravating factors one or two, the court determined that the

remaining aggravating factors "significantly, and substantially,

and clearly outweigh[ed]" the sole mitigating factor. The court

also imposed a consecutive sentence after analyzing the factors

articulated in State v. Yarbough, 100 N.J. 627, 643-44 (1985),

cert. denied, 475 U.S. 1014, 106 S. Ct. 1193, 89 L. Ed. 2d 308

(1986).

2
 The prosecuting attorney attributed the oversight to the volume
of cases handled by appellate counsel in his supervisory
capacity rather than a lack of good faith on his part.

 5 A-2692-15T3
 On February 10, 2015, defendant filed a pro se PCR petition

alleging "[i]neffective assistance of [appellate] counsel"3 based

on a "conflict of interest" and an "excessive sentence"

predicated on his "ongoing medical issues[.]" Defendant was

assigned counsel who subsequently filed an amended petition and

supporting brief along with PCR counsel's certification dated

June 12, 2015, and defendant's supplemental certification dated

September 21, 2015. In his brief, defendant argued that he was

entitled to PCR because he "was represented on appeal by an

attorney who was under an impermissible conflict of interest"

pursuant to R.P.C. 1.7,4 1.95 and 1.11,6 and was thereby "per se

ineffective."

3
 Appellate counsel died in August 2015 of health-related issues.
4
 R.P.C. 1.7 provides in pertinent part that "a lawyer shall not
represent a client if the representation involves a concurrent
conflict of interest. A concurrent conflict of interest exists
if . . . there is a significant risk that the representation of
one . . . client[] will be materially limited by the lawyer's
responsibilities to . . . a former client" unless "each affected
client gives informed consent . . . provided, however, that a
public entity cannot consent . . . ;" "the lawyer reasonably
believes that the lawyer will be able to provide competent and
diligent representation to each affected client;" "the
representation is not prohibited by law;" and "the
representation does not involve the assertion of a claim by one
client against another client represented by the lawyer in the
same litigation or other proceeding before a tribunal." R.P.C.
1.7(a)(2); R.P.C. 1.7(b).

 6 A-2692-15T3
 Defendant argued further that appellate counsel's

performance was deficient because he failed to confer with him

during his representation to allow defendant to participate in

his defense in order to make a thorough and complete

presentation to the ESOA panel. Instead, according to

defendant, appellate counsel made a "vacuous argument" to the

(continued)
5
 R.P.C. 1.9, addressing conflicts of interest with respect to
former clients, provides that a lawyer who has represented a
client may not later "represent another client in the same or a
substantially related matter in which that client's interests
are materially adverse to the interests of the former client
unless the former client gives informed consent confirmed in
writing." R.P.C. 1.9(a). Further, subsection (b) provides "[a]
lawyer shall not knowingly represent a person in the same or a
substantially related matter in which a firm with which the
lawyer formerly was associated had previously represented a
client, (1) whose interests are materially adverse to that
person; and (2) about whom the lawyer, while at the former firm,
had personally acquired information protected by RPC 1.6 and RPC
1.9(c) that is material to the matter unless the former client
gives informed consent, confirmed in writing." R.P.C. 1.9(b).
6
 R.P.C. 1.11(a) provides "[e]xcept as law may otherwise permit,
and subject to [R.P.C.] 1.9, a lawyer who formerly has served as
a government lawyer or public officer or employee of the
government shall not represent a private client in connection
with a matter: (1) in which the lawyer participated personally
and substantially as a public officer or employee, or (2) for
which the lawyer had substantial responsibility as a public
officer or employee; or (3) when the interests of the private
party are materially adverse to the appropriate government
agency, provided, however, that the application of this
provision shall be limited to a period of six months immediately
following the termination of the attorney's service as a
government lawyer or public officer." R.P.C. 1.11(a)(1)-(3).

 7 A-2692-15T3
ESOA panel. Defendant also argued that his sentence constituted

cruel and unusual punishment given the erroneous analysis of the

applicable "aggravating and mitigating factors" and the dearth

of reasons to support the imposition of a consecutive sentence.

 In his supporting certification, defendant averred that he

was unaware of appellate counsel's conflict of interest and

would have objected had he known. Defendant certified further

that appellate counsel did not confer or communicate with him to

discuss what issues to present on appeal or to assess his

deteriorating medical condition.7

 The PCR court conducted oral argument on October 27, 2015,

and denied defendant's application from the bench. In a written

statement of reasons filed November 12, 2015, the PCR court

determined that defendant was procedurally barred because he did

not raise these arguments at the re-sentencing hearing or on

direct appeal from the re-sentence as required by Rule 3:22-4.

7
 Defendant also asserted that he was entitled to a reduction of
sentence pursuant to Rule 3:21-10 and certified that he suffered
from a number of medical ailments, including hypertension, COPD,
hypermetropia, presbyopia, diabetes mellitus (type 2), hepatitis
C, and osteoarthritis. He also certified that while
incarcerated, he had suffered heart and breathing attacks and
had received a catheterization. According to defendant, he was
informed that he would require a heart transplant and a lung
transplant, neither of which were available to him in the prison
system. However, PCR counsel withdrew this argument pending the
submission of an expert report.

 8 A-2692-15T3
The court found further that precluding defendant's claim would

not result in a fundamental injustice or otherwise "run afoul of

[Rule] 3:22-4" since defendant's attorney was aware at the re-

sentencing hearing of appellate counsel's conflict of interest,

having been copied on the prosecuting attorney's notification to

the ESOA panel as well as the ESOA panel's response.

 Nonetheless, the court considered substantively defendant's

claims that his "conflicted attorney [was] presumed to be

ineffective" and that "a lack of communication between

[d]efendant and his appellate counsel" was indicative of

deficient performance. The court determined that although

"there was [a] clear conflict of interest . . . . defendant has

not demonstrated any prejudice from the aforementioned conflict

or inaction, as is required under the law." On the contrary,

the court found that appellate counsel "had advocated

diligently, aggressively, and effectively for . . .

[d]efendant[,]" resulting in a remand for resentencing which was

a favorable outcome for defendant. The court also rejected

defendant's challenges to his sentence because they were

adequately addressed at the resentencing.

 This appeal followed. On appeal, defendant raises a single

argument for our consideration:

 POINT ONE

 9 A-2692-15T3
 DEFENDANT WAS DEPRIVED OF HIS RIGHT TO THE
 EFFECTIVE ASSISTANCE OF COUNSEL. THE PCR
 COURT'S DECISION DENYING HIS PETITION FOR
 POST-CONVICTION RELIEF MUST THEREFORE BE
 REVERSED.

For the reasons set forth below, we are unpersuaded by this

argument and affirm.

 Generally, we review the PCR court's findings of fact under

a clear error standard, and conclusions of law under a de novo

standard. State v. Harris, 181 N.J. 391, 420-21 (2004), cert.

denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898

(2005). However, where, as in this case, "no evidentiary

hearing has been held, we 'may exercise de novo review over the

factual inferences drawn from the documentary record by the [PCR

judge]." State v. Reevey, 417 N.J. Super. 134, 146-47 (App.

Div. 2010) (alteration in original) (quoting Harris, supra, 181

N.J. at 421), certif. denied, 206 N.J. 64 (2011).

 "A defendant shall be entitled to an evidentiary hearing

only upon the establishment of a prima facie case in support of

post-conviction relief[.]" R. 3:22-10(b). "To establish such a

prima facie case, the defendant must demonstrate a reasonable

likelihood that his or her claim will ultimately succeed on the

merits." State v. Marshall, 148 N.J. 89, 158, cert. denied, 522

U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997). The court

 10 A-2692-15T3
must view the facts "'in the light most favorable to

defendant.'" Ibid. (citation omitted).

 To establish a prima facie case of ineffective assistance

of counsel, a defendant must satisfy the two-pronged test of

Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.

Ed. 2d 674 (1984), adopted in State v. Fritz, 105 N.J. 42

(1987). "The defendant must demonstrate first that counsel's

performance was deficient, i.e., that 'counsel made errors so

serious that counsel was not functioning as the counsel

guaranteed the defendant by the Sixth Amendment.'" State v.

Parker, 212 N.J. 269, 279 (2012) (quoting Strickland, supra, 466

U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693). The

defendant must overcome a "strong presumption that counsel

rendered reasonable professional assistance." Ibid.

 Second, "a defendant must also establish that the

ineffectiveness of his attorney prejudiced his defense. 'The

defendant must show that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the

proceeding would have been different.'" Id. at 279-80 (quoting

Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L.

Ed. 2d at 698). "These standards apply to claims of ineffective

assistance at both the trial level and on appeal." State v.

Guzman, 313 N.J. Super. 363, 374 (App. Div. 1998) (citing State

 11 A-2692-15T3
v. Morrison, 215 N.J. Super. 540, 545-46 (App. Div.), certif.

denied, 107 N.J. 642 (1987)).

 Defendant argues that the PCR court should have found a per

se conflict and presumed both ineffectiveness and prejudice

based on appellate counsel's conflict of interest. Defendant

argues further that even if prejudice is not presumed, appellate

counsel's "lackluster representation of defendant on appeal

satisfies the prejudice prong." In support, defendant asserts

that appellate counsel's arguments were "cursory" and "gave

short shrift to defendant's significant, documented health

conditions[.]" We disagree.

 When "analyzing whether a conflict of interest has deprived

a defendant of his state constitutional right to the effective

assistance of counsel," we "adhere[] to a two-tiered approach."

State v. Cottle, 194 N.J. 449, 467 (2008). "In those cases in

which we have found a per se conflict, prejudice is presumed in

the absence of a valid waiver, and the reversal of a conviction

is mandated." Ibid. See State v. Bellucci, 81 N.J. 531, 543

(1980).

 However, courts "have limited the per se conflict on

constitutional grounds to cases in which 'a private attorney, or

any lawyer associated with that attorney, is involved in

simultaneous dual representations of codefendants,'" or "both he

 12 A-2692-15T3
and his client are simultaneously under indictment in the same

county and being prosecuted by the same prosecutor's office."

Cottle, supra, 194 N.J. at 452, 467 (citation omitted). "In all

other cases, 'the potential or actual conflict of interest must

be evaluated and, if significant, a great likelihood of

prejudice must be shown in that particular case to establish

constitutionally defective representation of counsel.'" Id. at

467-68 (citation omitted).

 Clearly, this case does not fall within the two limited

circumstances that generate a per se conflict. Moreover, this

case is a far cry from Cottle, where the attorney was

"contemporaneously under indictment in the same county as his

client, and being prosecuted by the same prosecutor's office[.]"

Id. at 473. "In such circumstances, it is not difficult to

imagine that [the attorney] might not have had the zeal to

engage in a bruising battle with the very prosecutor's office

that would be weighing his fate." Id. at 464-65. Thus, the

attorney had "a reason to curry some personal favor with the

prosecutor's office at the expense of his client." Id. at 464.

That created "a 'significant risk' that [the attorney's]

representation of defendant was 'materially limited' by his

'personal interest[.]'" Id. at 466 (quoting R.P.C. 1.7(a)(2)).

 By contrast, as the PCR court noted here:

 13 A-2692-15T3
 It's hard for me to imagine a more
 aggressive argument that . . . could have
 been made or articulated on . . . behalf of
 [defendant] than the ones that [appellate
 counsel] made . . . .

 I think he did a pretty good job.

 He was not intimidated at all . . . . I
 gather [appellate counsel] was not a timid
 or recalcitrant advocate, no matter who he
 was representing.

 He was not a . . . wallflower . . . or
 somebody who faded into the wallpaper. And
 [appellate counsel] is, I would use the . .
 . expression "in rare form" except that this
 is probably, I gather, by what little I know
 of [appellate counsel's] reputation, not
 rare form for [appellate counsel] to
 articulate himself in this fashion, which is
 probably a good thing for his clients.

 . . . .

 [Appellate counsel] did a fine and
 professional job on behalf of [defendant].
 And ultimately the matter was remanded back
 to the . . . trial court for sentencing.

In these circumstances, while we acknowledge a significant

conflict of interest, defendant has failed to demonstrate the

"great likelihood of prejudice" required "to establish

constitutionally defective representation of counsel." Cottle,

supra, 194 N.J. at 467-68.

 In any event, we agree with the PCR court that Rule 3:22-

4(a) bars defendant's argument because it could have been raised

in defendant's resentencing hearing or in a direct appeal from

 14 A-2692-15T3
his resentence. A PCR petition is not "a substitute for

appeal." R. 3:22-3. A defendant "is generally barred from

presenting a claim on PCR that could have been raised . . . on

direct appeal." State v. Nash, 212 N.J. 518, 546 (2013) (citing

R. 3:22-4(a)). The bar does not apply if "(1) . . . the ground

for relief not previously asserted could not reasonably have

been raised in any prior proceeding; or (2) [the] enforcement of

the bar to preclude claims, including one for ineffective

assistance of counsel, would result in fundamental injustice[.]"

R. 3:22-4(a).

 Here, defendant reasonably could have raised this issue at

his resentencing or in a direct appeal from his resentence.

Moreover, "[t]o succeed on a fundamental-injustice claim"

defendant "must make some showing that an error or violation

played a role in the determination of guilt." Nash, supra, 212

N.J. at 547 (quotation and citation omitted); see also R. 3:22-

4(a)(2). Here, defendant has made no such showing.

 Affirmed.

 15 A-2692-15T3